UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


MICHAEL MAROLD                           :
                                         :
            v.                           :        C.A. No. 16-010M
                                         :
CAROLYN COLVIN, Acting                   :
Commissioner of the Social Security      :
Administration                           :


## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge


        This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits

("DIB") and Social Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C.

§ 405(g).  Plaintiff filed his Complaint on January 12, 2016 seeking to reverse the decision of the

Commissioner.   On May 15, 2016, Plaintiff filed a Motion to Reverse the Decision of the

Commissioner. (Document No. 9). On July 14, 2016, the Commissioner filed a Motion for an Order

Affirming the Decision of the  Commissioner.  (Document No. 12).  Plaintiff filed a Reply Brief on

July 29, 2016.  (Document No. 13).

        This matter has been referred to me for preliminary review, findings and recommended

disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'

submissions and independent research, I find that there is not substantial evidence in this record to

support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning

of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 16) be GRANTED and that the Commissioner's Motion to Affirm (Document No. 19) be DENIED.

## I.     PROCEDURAL HISTORY

Plaintiff filed applications for DIB on February 20, 2009 and for SSI on May 31, 2009 alleging disability since January 24, 2006. The applications were denied initially on September 9, 2009 and on reconsideration on February 24, 2010. Plaintiff requested an Administrative Hearing which took place on February 1, 2011 where he, represented by counsel, appeared and testified. Also present was a Vocational Expect ("VE") and a Medical Expert ("ME"). Administrative Law Judge Martha Bower (the "ALJ") issued an unfavorable decision to Plaintiff on February 3, 2011. The Review Board did not complete its review in the time allowed. Therefore, the ALJ's decision became final.

Plaintiff again filed applications for DIB on January 19, 2012 (Tr. 282-286) and for SSI on March 23, 2012 (Tr. 289-297) alleging disability since July 4, 2007 on his DIB application and January 1, 2006 on his SSI application. At the November 5, 2013 hearing, Plaintiff revised his disability onset date to February 4, 2011 which is the day after the unfavorable decision issued by ALJ Bower. (Tr. 42). The applications were denied initially on June 1, 2012 (Tr. 117-127) and on reconsideration on April 22, 2013. (Tr. 130-143). Plaintiff's date last insured is March 2011. (Tr. 81). Plaintiff requested an Administrative Hearing. On November 5, 2013, a hearing was held before Administrative Law Judge Barry H. Best ("ALJ Best") at which time Plaintiff appeared and was represented by counsel. (Tr. 75-83). The ALJ postponed the hearing in order to have an ME present. On February 11, 2014 a supplemental hearing was held before ALJ Best, at which time Plaintiff, represented by counsel, a vocational expert ("VE") and a medical expert ("ME") appeared

and testified.  (Tr. 39-74).  ALJ Best issued an unfavorable decision to Plaintiff on March 28, 2014.

(Tr. 20-32).  The Appeals Council denied Plaintiff's request for review on October 29, 2015.  (Tr.

3-5).  Therefore ALJ Best's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in his evaluation of the treating physician opinions and his

credibility.  In addition, Plaintiff contends that the ALJ committed error by neglecting to consider

post-hearing medical records as allowed at the hearing.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are

supported by substantial evidence and must be affirmed.  She also contends that any error in refusing

to consider post-hearing submissions is harmless.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as

a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health

and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and

Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must

affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v.

Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356,

1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence

favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs.,

829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals

Council).   After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.   THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the

claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

**B.      Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.      The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

**E.    Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is

appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce

the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)     Treatment, other than medication, for relief of pain;

(5)     Functional restrictions; and

(6)     The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352

(11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination

is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the

implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d

1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.     APPLICATION AND ANALYSIS

### A.     The ALJ's Decision

The ALJ found that Plaintiff's degenerative disc disease and degenerative joint disease were

severe impairments which did not meet or equal a listing and that Plaintiff had no severe mental

impairments.  (Tr. 26-27).  He found that Plaintiff had the RFC to perform light work, with a

limitation to four hours of standing and/or walking, occasional postural activities and limited to

"only uncomplicated work tasks of up to several steps over an eight-hour workday, assuming short

breaks on average every two hours."  (Tr. 28).  The ALJ found that such RFC did not allow for

Plaintiff's past work but allowed for other work that exists in significant numbers, and that,

accordingly, Plaintiff was not disabled.  (Tr. 30-31).

### B.     The ALJ Erred By Failing to Accept and Consider Dr. Guptill's Treatment Records

Plaintiff injured his back at work in 2006.  (Tr. 450).  He had an unsuccessful back surgery

in 2007 and has a history of back pain.  (Tr. 93).  He had a consistent work history prior to the injury.

(Exh. B5D; Tr. 350).

At the hearing, Plaintiff testified that he recently began treating at a pain clinic with Dr.

Guptill.  (Tr. 53-54).  The ALJ agreed to leave the record open for a period to receive such records.

(Tr. 54).  The ALJ advised Plaintiff that he would wait to rule "because we don't have all the records

-12-

yet, but when those other records come in I will take everything under consideration." (Tr. 73). Plaintiff thanked the ALJ. Id.

It is presently undisputed that the ALJ did not accept or consider such records in rendering his decision. The Commissioner concedes that this was error but contends that it is harmless error on this record. (Document No. 12-1 at p. 16). I disagree.

In ruling against Plaintiff, the ALJ decided to give little weight to the opinion of Dr. Ellison, a treating physician, because it was "inconsistent with the longitudinal treatment record as a whole." (Tr. 30). He also found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain were not entirely credible due in part to the lack of objective support in the record and his history of conservative treatment. (Tr. 29).

Dr. Guptill noted a history of "failed back surgery syndrome" and that he had received recent "imaging studies including lumbar MRI[1] at Imaging Institute (within last two months), [and] EMG report Dr. Doerr." (Document No. 9-1 at pp. 10, 13). Dr. Guptill assessed low back pain and administered a caudal epidural steroid injection to Plaintiff's low back on January 23, 2014. Id. at pp. 7-8. The injection was reportedly ineffective as to Plaintiff's right leg pain. Id. at p. 4.

Although Dr. Guptill's treatment records are limited, they appear to be consistent with prior treatment records and assessments of low back pain. In addition, Dr. Guptill's decision to administer an epidural injection may have changed the ALJ's assessment of a record of conservative treatment. On this record, I am simply unable to conclude that the additional medical records would not have

---

[1] A November 15, 2013 MRI showed a stable mild disc bulge at L4-5 and right central disc protrusion and granulation tissue in the right lateral recess at L5-S1. (Tr. 522). A September 24, 2013 EMG was also suggestive of "RL5, S1 radiculopathy." (Tr. 509). Dr. Fuchs, the ME, confirmed that such results "could produce symptomotology." (Tr. 48).

changed the ALJ's overall assessment of the longitudinal evidence in this case. The ALJ indicated that he wanted to review such records before ruling and agreed to hold the record open to receive them in order to "take everything under consideration." (Tr. 73). It would be patently unfair for me, under these circumstances, to review these medical records at this appellate level of review and speculate as to whether or not it might have tilted the balance of the evidence in the eyes of the ALJ. This record is simply not clear enough for me to make a harmless error determination. Accordingly, I conclude that the better course of action is to order a remand for further administrative consideration of Dr. Guptill's treatment records and any other subsequent and relevant medical evidence, and I so recommend.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 9) be GRANTED and that Defendant's Motion to Affirm (Document No. 12) be DENIED. Further, I recommend that Final Judgment enter in favor of Plaintiff remanding this matter for further administrative proceedings consistent with this decision. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 7, 2016

-14-